**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Dea'Shawn Harrison and Santana Taylor, ) | Civil Action No. 9:23-1116-RMG-MHC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Amanda Leviner, Magistrate Judge, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is a civil rights action filed by two pretrial detainees, Dea'Shawn Harrison (Harrison) and Santana Taylor (Taylor). Both Plaintiffs are proceeding pro se. The Fourth Circuit Court of Appeals has found that pro se prisoners cannot bring a class action lawsuit. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

While the Fourth Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the Eleventh Circuit Court of Appeals addressed these issues in *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. The *Hubbard* court reasoned that, because the plain language of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding *in forma pauperis* to pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Hubbard*, 262 F.3d at 1198. Even in

light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers*, 570 F.3d 146, 157 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004*)*; *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137–38 (6th Cir. 1997), courts in this district have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action.  *See, e.g., Griffin v. Nettles*, No. 4:18-cv-02469, 2018 WL 4701293, at *1–2 (D.S.C. Sept. 28, 2018) (separating claims of two plaintiffs for initial review); *Williams v. Jones*, No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases which find *Hubbard* persuasive); *McFadden v. Fuller*, C/A No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoner plaintiffs "should not be allowed to proceed under one joint action"); *see also Carroll v. United States*, C/A No. 5:14-2167-JMC, 2015 WL 854927, at *9–10 (D.S.C. Feb. 27, 2015) (denying joinder of seventy pro se prisoners as co-plaintiffs and noting that the "court has discretion to disallow joinder when it is infeasible or prejudicial").

In addition to the requirement that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," *Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010), *abrogated on other grounds by Bruce v. Samuels*, 136 S.Ct. 627 (2016), the PLRA also requires each prisoner to exhaust his administrative remedies prior to filing a civil lawsuit.  *See* 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  "Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the [p]laintiffs." *Williams*, 2014 WL 2155251, at *11.  Thus, each Plaintiff's claims "will require individualized determinations."  *Id.*; *see also McFadden*, 2013 WL 6182365, at *1 (noting that

2

"each [p]laintiff would need to meet the exhaustion requirement of the PLRA and might be entitled to differing amounts of damages").

Assuming arguendo that the PLRA does not prohibit multiple prisoners from bringing one action, this Court still finds that joinder of the two Plaintiffs' claims in one action is improper. Plaintiffs allege claims concerning their criminal cases. Each Plaintiff's claim is unique to that Plaintiff, and each claim will require an individualized determination, including possible inquiry into information personal to each Plaintiff. Moreover, Plaintiff Harrison has now been moved to another detention center (*see* ECF No. 3) such that Plaintiffs are being held at two different detention centers.

**Accordingly, the Court concludes that the claims of the two Plaintiffs in the instant action should be separated for initial review.**

**TO THE CLERK OF COURT:**

The above-captioned case shall pertain only to Plaintiff Harrison. Therefore, the Clerk of Court is directed to terminate Taylor as a plaintiff in the above-referenced case. The Clerk of Court is further directed to assign a separate civil action number to Plaintiff Taylor. The Clerk of Court shall file this Order as the initial docket entry in the newly created case and shall refile the Complaint, ECF No. 1, in the newly created action. The Defendant in the newly created case will be the same Defendant listed in the above-captioned case. The Clerk of Court is authorized to determine the most efficient manner and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system. After the new case is docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Order issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se*

*Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

July 17, 2023
Charleston, South Carolina